UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Deutsche Bank National Trust
Company, as Trustee for FFMLT
Trust 2005-FF2, Mortgage
Pass-Through Certificates,
Series 2005-FF2

    v.                             Civil No. 15-cv-304-JD

Jennifer L. Pike

O R D E R

Deutsche Bank brought suit against Jennifer Pike seeking a declaratory judgment that its mortgage on Pike's property is not subject to her homestead interest or, alternatively, that Deutsche Bank is entitled to equitable subrogation for the amount it paid to satisfy a prior mortgage. Pike brought counterclaims to quiet title to the property with respect to her homestead interest and for a declaratory judgment that she did not waive her homestead interest. A bench trial is scheduled to begin on June 21, 2017.

In the course of their pretrial briefings, the parties have addressed the issue of whether Deutsche Bank is entitled to equitable subrogation to avoid Pike's homestead interest.[1]

---

[1] Deutsche Bank filed a trial brief asserting the right to equitable subrogation, document no. 56. Pike opposed

Because that issue is fully briefed and presents an issue of law that can be resolved without further factual development, the court finds and rules as follows on the issue of applying equitable subrogation in this case.

## Background

In 2000, William T. Pike, Jr. married Jennifer L., who became Jennifer L. Pike. William bought property at 34 Dogwood Lane, New London, New Hampshire, in 2001.

On December 11, 2003, William obtained a loan from New Century Mortgage Corporation in the amount of $225,000.00 that was secured by a mortgage on the New London property. Although Jennifer's signature appears on the mortgage document, she asserts that she did not know about the loan or the mortgage and did not sign the mortgage. In the mortgage, the mortgagor or mortgagors waived homestead interests in the mortgaged property.

On November 23, 2004, William obtained a second mortgage loan, secured by the New London property, in the amount of $269,000.00 from First Franklin Financial Corporation. William waived his homestead interests, but Jennifer did not sign the note or the mortgage. The New Century mortgage with a balance

application of equitable subrogation in her trial brief, document no. 50. Deutsche Bank then filed both a response to Pike's trial brief on the equitable subrogation issue, document no. 64, and objections to the brief, document no. 68.

2

of $233,403.87 was discharged on January 25, 2005.  The Pikes then made several transfers of the property between them and a family trust, ending with a transfer to William on February 6, 2007.  The First Franklin mortgage was transferred by assignment to Deutsche Bank on May 26, 2009.

The Pikes were divorced on July 3, 2013.  Under the terms of the divorce decree, Jennifer was awarded the property with certain other conditions.  William transferred the property to Jennifer by deed on July 26, 2013.  Jennifer continues to live at the property.

Deutsche Bank intends to foreclose and sell the property to satisfy the outstanding amount due on the First Franklin mortgage.  Jennifer asserts that she has a homestead interest in the property, pursuant to RSA 480:1, which takes priority over Deutsche Bank's mortgage.  Deutsche Bank disputes Jennifer's homestead interest.

## Discussion

Deutsche Bank contends that its mortgage on the property is not subject to Pike's homestead interest because Deutsche Bank is entitled to equitable subrogation to the New Century mortgage, which waived the mortgagors' homestead interests.  In support, Deutsche Bank argues that it meets the requirements for equitable subrogation as provided in Chase v. Ameriquest Mortg.

3

[Co.](#), [155 N.H. 19 (2007)](#).  Pike contends that Deutsche Bank is not entitled to equitable subrogation because Deutsche Bank cannot prove that the New Franklin loan was used to satisfy the New Century loan or that the New Franklin loan was obtained through fraud.[2]  The fraud issue may be decided as a matter of law, without further factual development at trial.

Under New Hampshire law "[e]very person is entitled to $120,000 worth of his or her homestead, or of his or her interest therein, as a homestead."[3]  RSA 480:1 (as amended in 2015).  The homestead right exists in "[t]he owner and the husband or wife of the owner . . . during the owner's lifetime." RSA 480:3-a.  "The homestead right is exempt from attachment during its continuance from levy or sale on execution and from liability to be encumbered or taken for the payment, except in [five specific] cases."[4]  RSA 480:4.

The purpose of the homestead interest is "to secure to debtors and their families the shelter of the homestead roof,

---

[2] Pike also contends that equitable subrogation would not preclude her homestead interest because she did not sign the New Century mortgage.

[3] The prior version of RSA 480:1 provided a homestead interest of $100,000.

[4] Deutsche Bank does not argue that any of the five exceptions to the homestead right apply in this case.

4

. . . to protect and preserve inviolate a family home, . . . to protect[] the family from destitution, and protect[] society from the danger of its citizens becoming paupers." Maroun v. Deutsche Bank Nat'l Tr. Co., 167 N.H. 220, 225-26 (2014) (internal quotation marks omitted). "Statutory homestead protections are remedial in nature, and to effectuate their public policy objectives are universally held to be liberally construed; everything is to be done in advancement of the remedy that can be given consistently with any construction that can be put upon it." Deyeso v. Cavadi, 165 N.H. 76, 80 (2013) (internal quotation marks omitted).

"[I]n Chase, [the New Hampshire Supreme Court] invoked equitable principles to reach beyond the literal language of the homestead exceptions because there had been 'fraud and egregious conduct' in obtaining the funds used to refinance the homestead." Deyeso, 165 N.H. at 80 (quoting Chase, 155 N.H. at 26). Specifically, in Chase, the plaintiff's husband forged her signature to obtain the loan from the defendant that paid off the first mortgage with the result that the plaintiff received a benefit from the fraudulently obtained mortgage and then hoped to use her homestead interest to protect that benefit. Chase, 155 N.H. at 23. The court concluded that in the exercise of its equitable powers and because the defendant met the elements of

5

the doctrine of equitable subrogation, the defendant could succeed to the rights and position of the first mortgagee and could recover the amount paid to satisfy the first mortgage, free from the plaintiff's homestead interest.  Id. at 28.

Here, Deutsche Bank acknowledges that there was no fraud in obtaining the First Franklin mortgage.  To the extent Deutsche Bank argues that fraud occurred if William forged Jennifer's signature on the New Century mortgage, that situation, even if proved, would not show that the First Franklin loan and mortgage were obtained through fraud or misconduct.  Importantly, other improper motives in buying or financing property do not cause the court to invoke equitable principles under Chase as long as the funds at issue were not obtained "through fraud or misconduct."  Deyeso, 165 N.H. at 81.

Deutsche Bank's argument that equitable subrogation is appropriate here because Pike was not a victim of wrongdoing under the First Franklin mortgage is inapposite to balancing the equities in this case.  The material consideration is whether Deutsche Bank was the victim of fraud, and it is undisputed that no fraud occurred when William Pike obtained the First Franklin loan and mortgage.  Contrary to Deutsche Bank's theory, Pike would not receive a windfall through her homestead interest but instead would receive the protection intended and provided by

6

RSA 480:1. In addition, the length of the default does not justify equitable remedies because the remedy for default is provided in the mortgage agreement. See, e.g., First Franklin Mortgage, doc. no. 20-4, ¶ 22. Further, the Pikes' divorce decree provides no basis for applying equitable subrogation in favor of Deutsche Bank in this case.

Therefore, as a matter of law, the circumstances in this case do not meet the threshold requirement of fraud or misconduct that would support the use of equitable subrogation to overcome the protections provided by RSA 480:1. See Deyeso, 165 N.H. at 81-82.

## Conclusion

For the foregoing reasons, the court finds and rules, based on the parties' briefs, documents nos. 50, 56, 64, and 68, that Deutsche Bank cannot avoid Pike's homestead interest in the New London property based on the doctrine of equitable subrogation.

Therefore, Deutsche Bank's request in Count II for a declaratory judgment that it is entitled to equitable subrogation is denied.

No evidence, testimony, or argument for purposes of supporting or opposing the application of equitable subrogation will be allowed at trial.

SO ORDERED.


_Joseph A. DiClerico, Jr._
Joseph DiClerico, Jr.
United States District Judge


June 12, 2017

cc:  Stephen T. Martin, Esq.
     Kevin P. Polansky, Esq.